IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:17-CV-152-D

| | | |
|---|---|---|
| PROGRESS SOLAR SOLUTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FIRE PROTECTION, INC. dba FPI ENVIRONMENTAL; JOHN DOE, AS EXECUTOR OR ADMINISTRATOR OF THE ESTATE OF NORMAN STEPHEN VAN VALKENBURGH; JEFFREY VAN VALKENBURGH, AS TRUSTEE FOR THE NORMAN STEPHEN VAN VALKENBURGH IRREVOCABLE LIVING TRUST; MIKEL BILLS; MICHAEL D. LONG; and SOLAR MOD SYSTEMS, INC., | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This case comes before the court on a motion (D.E. 72) by plaintiff Progress Solar Solutions, LLC ("Progress Solar") requesting an order compelling defendant Fire Protection, Inc. d/b/a/ FPI Environmental ("FPI") and defendant Jeffrey Van Valkenburgh, as Trustee for the Noman Stephen Van Valkenburgh Irrevocable Living Trust ("Van Valkenburgh") (collectively "defendants" and individually "defendant"), to produce the documents in the respective sets of production requests served by Progress Solar on each of these defendants. Defendants filed a joint response in opposition to the motion. D.E. 78. For the reasons and on the terms set forth below, the motion will be allowed in part and denied in part.

## I. PROGRESS SOLAR'S CLAIMS

Progress Solar alleges in its second amended complaint (D.E. 89) as follows: This lawsuit arises from contractual and other business relationships between Progress Solar and FPI. 2d Am. Compl. ¶¶ 2, 18. Progress Solar manufactures solar powered portable light towers. *Id.* ¶ 15. It markets and sells the light towers in the United States and internationally. *Id.* ¶ 15. Most of its international sales are for ultimate use by departments of the United States military. *Id.* ¶ 16.

In 2012, FPI entered into an agreement with Progress Solar to serve as a dealer for Progress Solar's light towers, which required FPI to hold Progress Solar's confidential information in confidence. *Id.* ¶¶ 18, 19. Progress Solar pioneered a proprietary method for managing financing obligations for military contracts, and shared that information with FPI and defendant Michael Long ("Long"), FPI's agent. *Id.* ¶¶ 27, 31. In 2015, Progress Solar gave Long significant access to its manufacturing facilities, but beforehand Long signed an agreement with Progress Solar that contained non-disclosure and non-competition terms, on his own behalf and on behalf of FPI. *Id.* ¶¶ 32, 35-38.

In January of 2016, Long, a resident of Texas, formed defendant Solar Mod Systems, Inc. ("SMS") under Texas law, in order to manufacture competing portable solar light towers that relied on Progress Solar's proprietary information and trade secrets. *Id.* ¶¶ 10, 11, 40. During visits overseas as FPI's agent, Long made contact with Progress Solar's customers and encouraged them to place orders for SMS's competing portable solar light tower. *Id.* ¶ 43.

Progress Solar asserts the following claims: breach of the nondisclosure agreement, *id.* ¶¶ 74-79; trade secret misappropriation under 18 U.S.C. § 1836, *id.* ¶¶ 80-97; misappropriation of proprietary information and trade secrets under N.C. Gen. Stat. §§ 66-152, *et seq.*, *id.* ¶¶ 98-106; misappropriation of proprietary information and trade secrets under Tex. Civ. Prac. & Rem. Code

2

§ 134A.001, *et seq.*, *id.* ¶¶ 107-18; unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1, *et seq.*, *id.* ¶¶ 119-22; common law unfair competition, *id.* ¶¶ 123-29; tortious interference with business relationships and prospective economic advantage, *id.* ¶¶ 130-37; false advertising under 15 U.S.C. § 1125(a), *id.* ¶¶ 138-46; false association under 15 U.S.C. § 1125(a), *id.* ¶¶ 147-52; civil conspiracy, *id.* ¶¶ 153-56; disgorgement of profits, *id.* ¶¶ 157-60; unjust enrichment, *id.* ¶¶ 161-63; and injunctive relief, *id.* ¶¶ 164-70.

## II. APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the

3

'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (quoting *Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

Rule 34 governs requests for production of documents. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). When a party withholds information on the basis of privilege, including work-product protection, it must expressly assert the privilege objection in response to the particular discovery request involved. Fed. R. Civ. P. 26(b)(5)(A). In addition, the party must serve with its discovery responses a privilege log in conformance with Rule 26(b)(5)(A). *See id.*

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B). It requires that the moving party be awarded expenses when a motion to compel discovery is granted except when the movant filed the motion without attempting in good faith beforehand to obtain the discovery without court intervention, the opposing party's opposition to the discovery was substantially justified, or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion except when the motion was substantially justified or other circumstances would make an award of expenses unjust. *Id.*(a)(5)(B). If a motion to compel is allowed in part and denied in part, the court may apportion the expenses for the motion. *Id.*(a)(5)(C).

## III. DISCOVERY PROCEEDINGS

### A. FPI

On 8 September 2017, Progress Solar served on FPI a set of 30 production requests. Mot. 1 ¶ 1. FPI served its response on 10 November 2017, which included numerous objections to the

production requests, including overbreadth, undue burden, and lack of proportionality to the needs of the case. FPI Resp. to Prod. Reqs. (D.E. 72-1). FPI did not produce any documents with its response. Mot. 1-2 ¶ 1. During conferral with FPI, Progress Solar learned that Van Valkenburgh had recently notified FPI employees that FPI was ceasing to do business and that some FPI personnel had removed computers and files relating to the production requests. *Id.* at 2 ¶ 3. While defendant Mikel Bills ("Bills"), who Progress Solar alleges is the national sales manager for FPI (2nd Am. Compl. ¶ 9), produced certain documents on 20 February 2018, the production does not appear to be on FPI's behalf and FPI did not so confirm to Progress Solar. *Id.* at 3 ¶¶ 7, 8; 4 ¶ 9.

As noted, Progress Solar seeks by its motion to compel FPI to produce all the documents sought in its production requests to FPI.[1] FPI has responded that it will produce documents responsive to Requests Nos. 1, 2, and 16 whose production it does not deem otherwise objectionable after entry of a protective order. As to the remaining requests, FPI contends that "no documents responsive to said requests are currently known and within the possession, custody, and control of FPI." Defs.' Mem. 3. Progress Solar challenges this latter contention by FPI.

**B.     Van Valkenburgh**

On 21 December 2017, Progress Solar served on Van Valkenburgh a set of seven production requests. Progress Solar Prod. Reqs. to Van Valkenburgh (D.E. 72-5). As of the date of Progress Solar's motion, Van Valkenburgh had not responded to the production requests, despite being reminded to do so in a 4 March 2018 letter from Progress Solar's counsel. Mot. 4 ¶¶ 12, 13. Van Valkenbugh did ultimately serve a response to Progress Solar's production requests as an exhibit to his memorandum in opposition to the instant motion. *See* Van Valkenburgh Resp.

---

[1] Progress Solar has adequately demonstrated that it attempted to resolve the matters at issue in its motion without court intervention. Mot. 5 ¶ 16; see Fed. R. Civ. P. 37(a)(1); Local Civ. R. 7.1(c), E.D.N.C.

5

to Prod. Reqs. (D.E. 78-2). The response includes numerous objections to the production requests. *See id.*

As with FPI, Progress Solar seeks by its motion to compel Van Valkenburgh to produce all the documents sought in its production requests to Van Valkenburgh. Van Valkenburgh has responded that it will produce documents responsive to Requests Nos. 1 to 3 and 5 whose production it does not deem otherwise objectionable after entry of a protective order. As to the remaining requests, Van Valkenburgh states that "[n]o documents responsive to this request are currently known and within the possession, custody, or control of [Van Valkenburgh]." Van Valkenburgh Resp. to Prod. Reqs. Nos. 4, 6, 7.

## IV. ANALYSIS

### A. Production

As noted, defendants have indicated they would produce documents whose production they did not deem otherwise objectionable in response to certain production requests after entry of a protective order—namely, Requests Nos. 1, 2, and 16 to FPI and Requests Nos. 1 to 3 and 5 to Van Valkenburgh. A protective order (D.E. 98) has now been entered. The court assumes that defendants have therefore already produced to Solar Progress the documents they promised to produce in response to these requests. To the extent a defendant has not already done so, the defendant shall produce to Progress Solar no later than 4 March 2019 the documents the defendant promised to produce along with a supplemental response to each production request that seeks such documents identifying the documents being produced.[2]

---

[2] If under the terms of this Order more than one supplemental response is required to be served in response to a particular production request, a single supplemental response may be served provided that it contains all the information required to be included in the multiple supplemental responses.

6

It is unclear whether defendants are not producing certain documents sought in the foregoing requests on the grounds that they are not within their possession, custody, or control. Defendants do, of course, expressly make that contention with respect to all the other production requests. The court cannot compel defendants to produce documents that are not within their possession, custody, or control. *See Mach. Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 530 (D.S.C. 2018) (holding that court could not compel a party to provide information it does not possess).

Nonetheless, to the extent that a defendant claims the inability to produce documents in response to any production request on the grounds that the documents are not within the defendant's possession, custody, or control, the defendant shall (1) serve a supplemental response to each such production request stating that after reasonable inquiry the defendant has determined that the documents requested are not within the defendant's possession, custody, or control and (2) support the response with a declaration providing a detailed summary of the steps the defendant has taken to obtain such documents. Each such supplemental response and the supporting declaration shall be served on Progress Solar by 4 March 2019.

Each defendant shall serve on Progress Solar by 11 March 2019, pursuant to Rule 26(e), any documents sought in any of Progress Solar's production requests that have come within the defendant's possession, custody, or control since the defendant's last production to Progress Solar. Each defendant shall by the same date serve on Progress Solar a supplemental response to each production request that seeks such documents identifying the additional documents produced. Unless and until otherwise ordered by the court, each defendant shall continue in the future to supplement the defendant's responses and the associated production in accordance with Rule 26(e) without regard to the now-stale supplementation deadline of 28 April 2018 in the Discovery Plan

(D.E. 34 ¶ 3.j).[3] *See* Sched. Ord. (D.E. 36) 1 (adopting supplementation provisions in Discovery Plan).

Turning to the objections by defendants to Progress Solar's production requests other than lack of possession, custody, or control of the documents sought, the court finds that defendants have failed in their response to Progress Solar's motion or otherwise to demonstrate that any of these objections have merit. Nonetheless, in its discretion, the court will permit each defendant to withhold from production documents on the grounds of privilege and the attorney work-product doctrine subject to timely production of a privilege log, as provided below. A defendant may not withhold documents from production in the defendant's possession, custody, or control on any other grounds. Each defendant shall produce to Progress Solar by 11 March 2019 any documents in the defendant's possession, custody, or control previously withheld on grounds other than privilege or the attorney work-product doctrine along with a supplemental response to each production request that seeks such documents identifying the documents being produced.

To the extent a defendant has not already done so, the defendant shall serve on Progress Solar by 11 March 2019 a privilege log for all documents the defendant has withheld from production on the grounds of privilege or the attorney work-product doctrine. To the extent that a defendant in the future withholds documents from production on the grounds of privilege or the attorney work-product doctrine, the defendant shall timely serve on Progress Solar a duly signed privilege log for the documents meeting the requirements of Rule 26(b)(5)(A). Failure by a defendant to timely serve a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A) shall be deemed a waiver of the privilege or work-product protection otherwise claimed.

---

[3] This same extension of the supplementation obligation applies to all other parties in this case as well.

Nothing in this Order shall be deemed to limit Progress Solar's right to seek appropriate relief by motion in the event that it obtains information demonstrating that a defendant has not made reasonable efforts to obtain documents Progress Solar requested in its production requests or that documents within the scope of discovery in this case have been wrongfully destroyed or have otherwise been wrongfully made unavailable for this litigation.

B.   **Expenses**

The court finds that the award of expenses would be unjust as to FPI. Progress Solar shall therefore bear its own expenses, including attorney's fees, incurred on the motion as to FPI. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii), (C).

Van Valkenburgh, however, has failed to justify his extended delay in responding to Progress Solar's production requests. It was only after Progress Solar filed its motion to compel that Van Valkenburgh finally responded. The court therefore preliminarily finds that Progress Solar should be awarded the expenses, including reasonable attorney's fees, it incurred on its motion as to Van Valkenburgh. *See* Fed. R. Civ. P. 37(a)(5)(C). The award may apply to Van Valkenburgh and/or his counsel.

Progress Solar shall file by 11 March 2019 proof of the expenses it claims as to Van Valkenburgh and a supporting memorandum. Because Progress Solar chose to seek relief as to both FPI and Van Valkenburgh in the same motion, Progress Solar must demonstrate that any expenses it claims as to Van Valkenburgh are attributable to him and not solely to FPI. Van Valkenburgh may file a memorandum with supporting evidence in response to Progress Solar's submission no later than 25 March 2019. The court will issue a final ruling on the award of expenses to Progress Solar as to Van Valkenburgh and/or his counsel after reviewing the parties' submissions on the issue.

## V. CONCLUSION

For the reasons set forth above, Progress Solar's motion to compel (D.E. 72) is ALLOWED to the extent of the relief provided for herein. The motion is otherwise DENIED without prejudice to Progress Solar's seeking relief with respect any supplemental production by defendants.

SO ORDERED, this 25th day of February 2019.

_____
James E. Gates
United States Magistrate Judge