IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-152-D

PROGRESS SOLAR SOLUTIONS, LLC, )
)
                   Plaintiff, )
)
v.                           )           **ORDER**
)
FIRE PROTECTION, INC., et al., )
)
                  Defendants. )

On June 27, 2018, Progress Solar Solutions, LLC ("Progress Solar" or "plaintiff") filed a second amended complaint against Solar Mod Systems, Inc. ("SMS") and other defendants [D.E. 89]. On July 18, 2018, SMS answered Progress Solar's second amended complaint and alleged counterclaims against Progress Solar for tortious interference with contract, misappropriation of trade secrets, and defamation [D.E. 93]. On October 23, 2018, Progress Solar answered SMS's counterclaims [D.E. 102]. On October 24, 2018, Progress Solar moved for partial judgment on the pleadings on SMS's defamation counterclaim [D.E. 103] and filed a memorandum in support [D.E. 104]. On November 14, 2018, SMS responded in opposition [D.E. 107]. On November 28, 2018, Progress Solar replied [D.E. 110]. As explained below, the court grants Progress Solar's motion for partial judgment on the pleadings and dismisses SMS's defamation counterclaim.

I.

SMS, a Texas corporation, designs products for the United States military, including a "Solar Gen Power Cube." See Countercl. [D.E. 93] ¶¶ 1, 6–7. Progress Solar produces portable, solar-powered light towers. See id. ¶ 8.

On July 18, 2016, Progress Solar wrote a letter to SMS stating that SMS's Solar Gen Power Cube may infringe Progress Solar's patent for a similar device (U.S. Patent No. 8,833,985 or the "'985 Patent"). See id. ¶ 11; [D.E. 103-1]. Progress Solar noted that it had also applied for a patent for a second, similar device (U.S. Patent App. No. 14/459,421 or the "'421 Application"). See [D.E. 103-1] 3. Progress Solar also stated that it "welcome[d] the opportunity to discuss the matter further" to "abate any potentially infringing activities by" SMS. Id. SMS alleges that its product is distinguishable from Progress Solar's patent and that Progress Solar's representations concerning infringement were false, malicious, and made with the intent to harm SMS. See Countercl. [D.E. 103] ¶¶ 12, 40.

Progress Solar sent copies of the letter to two of SMS's potential or existing clients, Nobles Supply and Logistics ("Nobles Supply") and ADS, Inc. ("ADS"). See id. ¶¶ 14–16. In response to the letter, ADS expressed concern with making further purchases of SMS's Solar Gen Power Cube. See id. ¶ 17. SMS alleges that it has lost business because of the letter. See id. ¶ 18. Progress Solar admits that ADS has "consistently declined to order light towers" from either SMS or its distributors. See [D.E. 102] ¶ 17. Progress Solar contends, however, that SMS has sold at least 438 units of its product to Nobles Supply after Progress Solar sent the letter to SMS. See id. at 9.

II.

A party may move for judgment on the pleadings at any time "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A court should grant the motion if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." Park Univ. Enters. v. Am. Cas. Co. of Reading, 442 F.3d 1239, 1244 (10th Cir. 2006) (quotation omitted), abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co., 545 F. App'x 750 (10th Cir. 2013) (unpublished); see Mayfield v.

2

Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 375 (4th Cir. 2012); Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002). A court may consider the pleadings and any materials referenced in or attached to the pleadings, which are incorporated by reference. See Fed. R. Civ. P. 10(c); Fayetteville Inv'rs v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). A court also may consider "matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

The same standard applies under Rule 12(c) and Rule 12(b)(6). See Mayfield, 674 F.3d at 375; Burbach Broad. Co., 278 F.3d at 405–06. Thus, a motion under Rule 12(c) tests the legal and factual sufficiency of the claim. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 677–80, 684 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(c) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences in the "light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 347, 352–53 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015); Burbach Broad. Co. of Del., 278 F.3d at 406. A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's allegations must "nudge[ ] [its] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

Subject-matter jurisdiction is based on diversity, and the court applies state substantive law and federal procedural rules. See Erie R.R. v. Tompkins, 304 U.S. 64, 78–80 (1938); Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002). North Carolina law applies to SMS's defamation counterclaim. Accordingly, this court must predict how the Supreme Court of North Carolina would rule on any disputed state-law issues. See Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of S.C., 433 F.3d 365, 369 (4th Cir. 2005). In doing so, the court must look first to opinions of the Supreme Court of North Carolina. See id.; Stahle v. CTS Corp., 817 F.3d 96, 100 (4th Cir. 2016). If there are no governing opinions from that court, this court may consider the opinions of North Carolina Court of Appeals, treatises, and "the practices of other states." Twin City Fire Ins. Co., 433 F.3d at 369 (quotation omitted).[1] In predicting how the highest court of a state would address an issue, this court "should not create or expand a [s]tate's public policy." Time Warner Entm't-Advance/Newhouse P'ship v. Carteret-Craven Elec. Membership Corp., 506 F.3d 304, 314 (4th Cir. 2007) (alteration and quotation omitted); see Day & Zimmerman, Inc. v. Challoner, 423 U.S. 3, 4 (1975) (per curiam); Wade v. Danek Med., Inc., 182 F.3d 281, 286 (4th Cir. 1999). Moreover, in predicting how the highest court of a state would address an issue, this court must "follow the decision of an intermediate state appellate court unless there [are] persuasive data that the highest court would decide differently." Toloczko, 728 F.3d at 398 (quotation omitted); Hicks ex rel. Feiock v. Feiock, 485 U.S. 624, 630 & n.3 (1988).

To establish a defamation claim under North Carolina law, a "plaintiff must allege and prove that the defendant made false, defamatory statements of or concerning the plaintiff, which were published to a third person, causing injury to the plaintiff's reputation." Griffin v. Holden, 180 N.C.

---

[1] North Carolina does not have a mechanism to certify questions of state law to its Supreme Court. See Town of Nags Head v. Toloczko, 728 F.3d 391, 397–98 (4th Cir. 2013).

4

App. 129, 133, 636 S.E.2d 298, 302 (2006) (quotation omitted); see Renwick v. News & Observer Publ'g Co., 310 N.C. 312, 316–19, 312 S.E.2d 405, 408–10 (1984); Boyce & Isley, PLLC v. Cooper, 211 N.C. App. 469, 478, 710 S.E.2d 309, 317 (2011); Craven v. Cope, 188 N.C. App. 814, 816, 656 S.E.2d 729, 732 (2008); Smith-Price v. Charter Behavioral Health Sys., 164 N.C. App. 349, 356, 595 S.E.2d 778, 783 (2004). A statement is defamatory if it either, directly or by implication, ascribes dishonesty, fraud, lack of integrity, or reprehensible conduct to the subject of the statement. See Flake v. Greenboro News Co., 212 N.C. 780, 785–86, 195 S.E. 55, 60 (1938); Donovan v. Fiumara, 114 N.C. App. 524, 526, 442 S.E.2d 572, 574 (1994); Beane v. Weiman Co., 5 N.C. App. 276, 277, 168 S.E.2d 236, 237 (1969). A defamatory statement "tend[s] to prejudice another in his reputation, office, trade, business, or means of livelihood." Donovan, 114 N.C. App. at 526, 442 S.E.2d at 574; see West v. King's Dep't Store, Inc., 321 N.C. 698, 703, 365 S.E.2d 621, 624 (1998); Renwick, 310 N.C. at 317–18, 312 S.E.2d at 409; Flake, 212 N.C. at 786, 195 S.E. at 60. Defamation can be either libel or slander. See, e.g., Craven, 188 N.C. App. at 816, 656 S.E.2d at 732; Tallent v. Blake, 57 N.C. App. 249, 251, 291 S.E.2d 336, 338 (1982); cf. Renwick, 310 N.C. at 323–24, 312 S.E.2d at 412–13. Generally, libel is written and slander is oral. See Bell v. Simmons, 247 N.C. 488, 494, 101 S.E.2d 383, 387 (1958); Aycock v. Padgett, 134 N.C. App. 164, 165, 516 S.E.2d 907, 909 (1999).

SMS alleges that Progress Solar's statements are libelous per se. See [D.E. 107]. Libel per se is a false written statement communicated to a third party that "tends to impeach a person in that person's trade or profession [or] otherwise tends to subject one to ridicule, contempt or disgrace." Renwick, 310 N.C. at 317, 312 S.E.2d at 408–09; see Flake, 212 N.C. at 782, 195 S.E. at 59–60; Cherry v. United Parcel Serv., Inc., No. 5:07-CV-403-D, 2009 WL 8641019, at *9 (E.D.N.C. Sept. 28, 2009) (unpublished). In evaluating whether a publication constitutes libel per se, a court must analyze whether the publication is defamatory when "stripped of all insinuations, innuendo,

5

colloquium, and explanatory circumstances." Griffin, 180 N.C. App. at 134, 636 S.E.2d at 303; see, e.g., Nucor Corp. v. Prudential Equity Grp., LLC, 189 N.C. App. 731, 736, 659 S.E.2d 483, 487 (2008).

Whether a statement is defamatory per se is a question of law. See, e.g., Ellis v. N. Star Co., 326 N.C. 219, 224, 388 S.E.2d 127, 130 (1990). When a plaintiff alleges that statements are defamatory per se, the statements "must be susceptible of but one meaning and of such nature that the court can presume as a matter of law that they tend to disgrace and degrade the party or hold him up to public hatred, contempt or ridicule, or cause him to be shunned and avoided." Boyce & Isley, PLLC v. Cooper, 153 N.C. App. 25, 30–31, 568 S.E.2d 893, 898–99 (2002); see, e.g., Renwick, 310 N.C. at 317–18, 312 S.E.2d at 409; Oates v. Wachovia Bank & Tr. Co., 205 N.C. 14, 16, 169 S.E.2d 869, 871 (1933). "The question always is how would ordinary men naturally understand the publication." Renwick, 310 N.C. at 318, 312 S.E.2d at 409 (quotation omitted).

In Badame v. Lampke, the Supreme Court of North Carolina held that "false words imputing to a merchant or business man conduct derogatory to his character and standing as a business man and tending to prejudice him in his business are actionable." 242 N.C. 755, 757, 89 S.E.2d 466, 468 (1955); see Boyce & Isley, PLLC, 153 N.C. App. at 30, 568 S.E.2d at 898. To be actionable per se,

> the false words (1) must touch the plaintiff in his special trade or occupation, and (2) must contain an imputation necessarily hurtful in its effect on his business. That is to say, it is not enough that the words used tend to injure a person in his business. To be actionable per se, they must be uttered of him in his business relation.

Badame, 242 N.C. at 757, 89 S.E.2d at 468; see Boyce & Isley, PLLC, 153 N.C. App. at 30, 568 S.E.2d at 898; Gibson v. Mut. Life Ins. Co., 121 N.C. App. 284, 289, 465 S.E.2d 56, 60 (1996); Clark v. Brown, 99 N.C. App. 255, 260–61, 393 S.E.2d 134, 137 (1990); Spirax Sarco, Inc. v. SSI Eng'g, Inc., 122 F. Supp. 3d 408, 435 (E.D.N.C. 2015); Greensboro Scuba Sch., LLC v. Robertson,

6

No. COA 14-1126, 2015 WL 4429665, at *3 (N.C. Ct. App. July 21, 2015) (unpublished table decision).

Courts applying North Carolina law have found to be defamatory per se as prejudicing a plaintiff's business or professional reputation, inter alia, (1) statements implying or asserting that a plaintiff is incompetent or incapable of performing a job, see Clark, 99 N.C. App. at 261, 393 S.E.2d at 137; Dynamic Campus Sols., Inc. v. Pfeiffer Univ., No. 1:17-cv-906, 2018 WL 2248534, at *4 (M.D.N.C. Apr. 20, 2018) (unpublished); (2) statements implying or asserting that a plaintiff engages in improper business practices, see Ellis, 326 N.C. at 223–25, 388 S.E.2d at 129–31; Broadway v. Cope, 208 N.C. 85, 88–89, 179 S.E. 452, 454–55 (1935); Boyce & Isley, PLLC, 153 N.C. App. at 32, 568 S.E.2d at 899–900; Ausley v. Bishop, 133 N.C. App. 210, 214–15, 515 S.E.2d 72, 75–76 (1999); and (3) statements implying or asserting that a plaintiff engaged in illegal activity. See, e.g., Talbert v. Mauney, 80 N.C. App. 477, 480–81, 343 S.E.2d 5, 8 (1986). Cf. Ellis, 326 N.C. at 229–30, 388 S.E.2d at 133–34 (Meyer, J., dissenting) (collecting cases). By contrast, statements that merely call a plaintiff dishonest or an "untruthful and . . . unreliable employee" are not actionable per se. See Pierce v. Atl. Grp., Inc., 219 N.C. App. 19, 35, 724 S.E.2d 568, 579 (2012); Stutts v. Duke Power Co., 47 N.C. App. 76, 82, 266 S.E.2d 861, 865 (1980); cf. Morris v. Bruney, 78 N.C. App. 668, 673–677, 338 S.E.2d 561, 564–66 (1986). Similarly, a "pure expression of opinion" is not actionable. See Nucor Corp., 189 N.C. App. at 36, 659 S.E.2d at 486; Daniels v. Metro Magazine Holding Co., LLC, 179 N.C. App. 533, 539–40, 634 S.E.2d 586, 590 (2006). Nevertheless, "someone cannot preface an otherwise defamatory statement with 'in my opinion' and claim immunity from liability." Nucor Corp., 189 N.C. App. at 736, 659 S.E.2d at 486; see Milkovich v. Lorain Journal Co., 497 U.S. 1, 19–20 (1990); Design Res., Inc. v. Leather Indus. of Am., 789 F.3d 495, 504–05 (4th Cir. 2015).

7

A.

Progress Solar argues that SMS's counterclaim for libel per se is time-barred. A one-year statute of limitations applies to libel and slander claims. See N.C. Gen. Stat. § 1-54(3). The one-year statute of limitations begins to run upon publication, regardless of when the plaintiff learns of the statement. See Gordon v. Fredle, 206 N.C. 734, 734, 175 S.E. 126, 126 (1934); Horne v. Cumberland Cty. Hosp. Sys., Inc., 228 N.C. App. 142, 150, 746 S.E.2d 13, 20 (2013); Philips v. Pitt Cty. Mem'l Hosp., Inc., 222 N.C. App. 511, 526, 731 S.E.2d 462, 472 (2012); Eshelman v. Puma Biotechnology, Inc., No. 7:16-CV-18-D, 2017 WL 2559152, at *3 (E.D.N.C. June 12, 2017) (unpublished); Henderson v. Town of Hope Mills, No. 5:13-CV-635-FL, 2013 WL 5954816, at *4 (E.D.N.C. Nov. 6, 2013) (unpublished), aff'd, 549 F. App'x 195 (4th Cir. 2015) (per curiam) (unpublished). On July 18, 2016, Progress Solar published the allegedly libelous letter. See Countercl. [D.E. 93] ¶ 11. SMS did not assert its libel counterclaim until July 18, 2018.

A motion for judgment on the pleadings "generally cannot reach the merits of an affirmative defense" except in the "relatively rare circumstances where facts sufficient to rule on the affirmative defense are alleged in the complaint." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); see U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency, 745 F.3d 131, 148 (4th Cir. 2014); Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993). Because SMS includes the date of publication in its pleadings, the court can reach the merits of Progress Solar's statute of limitations defense in ruling on Progress Solar's motion for judgment on the pleadings. See Eshelman, 2017 WL 2559152, at *3; Ivey v. Fair Labor Relations Auth., No. 2:10-CV-64-D, 2011 WL 5042074, at *4 n.2 (E.D.N.C. Oct. 21, 2011) (unpublished). SMS did not allege its claim for defamation within the one-year statute of limitations. Moreover, SMS did not respond to Progress Solar's statute of limitations defense. See [D.E. 107]. "Once a defendant raises

a statute of limitations defense, the burden of showing that the action was instituted within the prescribed period is on the plaintiff." Horton v. Carolina Medicorp, Inc., 344 N.C. 133, 136, 472 S.E.2d 778, 780 (1996). Accordingly, the court grants Progress Solar's motion for partial judgment on the pleadings and dismisses SMS's defamation counterclaim as time-barred.

B.

Alternatively, SMS has not plausibly alleged that Progress Solar's letter constitutes libel per se under North Carolina law. Whether a statement that a plaintiff may have infringed the defendant's patents constitutes libel per se is an issue of first impression under North Carolina defamation law.

North Carolina courts have held that statements that touch a person in his or her business or profession and are necessarily harmful to that person's business are defamatory per se if those statements are susceptible of only one interpretation. See, e.g., Ellis, 326 N.C. at 223–25, 388 S.E.2d at 129–31; Broadway, 208 N.C. at 88–89, 179 S.E.2d at 454–55; Boyce & Isley, PLLC, 153 N.C. App. at 32, 568 S.E.2d at 899–900; Ausley, 133 N.C. App. at 214–15, 515 S.E.2d at 75–76. Progress Solar's letter is not susceptible to only one interpretation because it states only that SMS "may" have infringed its patents. Cf. Nucor Corp., 189 N.C. App. at 736–37, 659 S.E.2d at 487. Further, possible patent infringement is not the kind of improper business practice that "tend[s] to disgrace and degrade the party or hold him up to public hatred, contempt or ridicule, or cause[s] him to be shunned and avoided." Boyce & Isley, PLLC, 153 N.C. App. at 30–31, 568 S.E.2d at 898–99 (quotation omitted); see, e.g., Hickory Springs Mfg. Co. v. R&D Plastics of Hickory, Ltd., No. 514CV93–RLV, 2015 WL 4430219, at *10–11 (W.D.N.C. July 20, 2015) (unpublished). Finally, this court declines to expand North Carolina public policy to hold that alleging that some practice may infringe a patent is libelous per se. Thus, Progress Solar's letter is not libelous per se.

III.

In sum, the court GRANTS Progress Solar's motion for partial judgment on the pleadings [D.E. 103] and DISMISSES SMS's defamation counterclaim.

SO ORDERED. This __1__ day of August 2019.

*signature*
JAMES C. DEVER III
United States District Judge