IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:17-CV-152-D

| | | |
|---|---|---|
| PROGRESS SOLAR SOLUTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FIRE PROTECTION, INC. dba FPI | ) | |
| ENVIRONMENTAL; JOHN DOE, AS | ) | |
| EXECUTOR OR ADMINISTRATOR OF | ) | |
| THE ESTATE OF NORMAN STEPHEN | ) | |
| VAN VALKENBURGH; JEFFREY VAN | ) | |
| VALKENBURGH, AS TRUSTEE FOR | ) | |
| THE NORMAN STEPHEN VAN | ) | |
| VALKENBURGH IRREVOCABLE | ) | |
| LIVING TRUST; MIKEL BILLS; | ) | |
| MICHAEL D. LONG; and SOLAR MOD | ) | |
| SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court on two motions: (1) a motion (D.E. 99) by plaintiff Progress Solar Solutions, LLC ("Progress Solar") to compel defendant Solar Mod Systems, Inc. ("SMS") and defendant Michael D. Long ("Long") to produce additional documents sought in Progress Solar's second set of document requests to them and for related relief; and (2) Progress Solar's motion (D.E. 114) for the same relief against defendant Mikel Bills ("Bills") relating to Progress Solar's second set of document requests to Bills. The motion seeking relief against SMS and Long is opposed and has been fully briefed, and the motion seeking relief against Bills is unopposed. For the reasons set forth below, the motions will be allowed in part and denied in part.

## I. BACKGROUND

### A. Progress Solar's Allegations and Claims

In its second amended complaint, Progress Solar alleges as follows: This lawsuit arises from a contractual and business relationship between Progress Solar and defendant Fire Protection, Inc. d/b/a FPI Environmental ("FPI"). 2d Am. Compl. (D.E. 89) ¶¶ 2, 18. Progress Solar manufactures solar-powered portable light towers. *Id.* ¶ 15. It conducts sales in the United States and internationally. *Id.* ¶ 16. Most of Progress Solar's products sold internationally are for ultimate use by the United States military. *Id.* In 2012, FPI began operating as a dealer for Progress Solar's solar light towers and was under a dealer agreement to hold Progress Solar's confidential information in confidence. *Id.* ¶¶ 18, 19. Progress Solar pioneered a proprietary method for managing financing obligations for military contracts, and shared that information with FPI and Long, FPI's agent. *Id.* ¶¶ 27, 31. In 2015, Long was given significant access to Progress Solar's manufacturing facilities and signed, on behalf of himself and FPI, a nondisclosure agreement with Progress Solar that contained nondisclosure and noncompetition terms. *Id.* ¶¶ 32, 35-38.

In January of 2016, Long formed SMS in order to manufacture competing portable solar light towers that relied on Progress Solar's proprietary information and trade secrets. *Id.* ¶ 40. Because Long was SMS's sole shareholder and decision maker, SMS was subject to the nondisclosure and noncompetition terms of the nondisclosure agreement. *Id.* ¶ 41. During visits overseas as FPI's agent, Long made contact with Progress Solar's customers and encouraged them to place orders for SMS's competing portable solar light tower. *Id.* ¶ 43.

FPI unfairly competed with Progress Solar by acquiring and taking advantage of its confidential and proprietary information and trade secrets. *Id.* ¶¶ 2, 40. Bills is a former employee

of FPI who now serves as an agent for SMS. *Id.* ¶¶ 9, 73. The remaining defendants are or were employees or officers of FPI or SMS who allegedly benefited from FPI's conduct or otherwise unfairly competed with Progress Solar. *Id.* ¶¶ 3-11, 53, 56.

Progress Solar asserts claims for breach of the nondisclosure agreement, *id.* ¶¶ 74-79; trade secret misappropriation in violation of federal law, *id.* ¶¶ 80-97; misappropriation of proprietary information and trade secrets under North Carolina law, *id.* ¶¶ 98-106; misappropriation of proprietary information and trade secrets under Texas law, *id.* ¶¶ 107-18; unfair and deceptive trade practices under North Carolina law, *id.* ¶¶ 119-22; unfair competition, *id.* ¶¶ 123-29; tortious interference with business relationships and prospective economic advantage, *id.* ¶¶ 130-37; false advertising under federal law, *id.* ¶¶ 138-46; false association under federal law, *id.* ¶¶ 147-52; civil conspiracy, *id.* ¶¶ 153-56; disgorgement of profits, *id.* ¶¶ 157-60; unjust enrichment, *id.* ¶¶ 161-63; and injunctive relief, *id.* ¶¶ 164-70.

The defendants other than the John Doe defendant have answered (D.E. 90; 91; 92; 93 at pp. 1-26; 94), denying the material allegations of Progress Solar's second amended complaint, and FPI and SMS have asserted counterclaims (D.E. 12; 93 at pp. 27-33). Progress Solar denies the material allegations of the counterclaims. D.E. 21, 98.

## B.    Discovery to SMS and Long

On 15 June 2018, Progress Solar served on SMS and Long its second set of document requests. Progress Solar Reqs. to SMS (D.E. 99-2); Progress Solar Reqs. to Long (D.E. 99-4). SMS and Long served responses, including objections, to the second set of document requests on 16 August 2018. SMS Resps. (D.E. 99-3); Long Resps. (D.E. 99-5). The requests to both parties were nearly identical, as were the responses.[1] SMS and Long jointly produced a total of 184

---

[1] The only difference in the requests is the inclusion of Request No. 14 to SMS which seeks: "All Communications and Documents sent or received between January 1, 2015 and the present between you and [any] employee, agent,

3

documents on 8 October 2018, all with an "Attorneys' Eyes Only" designation pursuant to the Protective Order (D.E. 98) in this case. Progress Solar Mot. re SMS and Long (D.E. 99) 3 ¶ 4. Following conferral, SMS and Long continued to assert objections to 29 document requests (although they agreed to supplement answers to interrogatories Progress Solar had served on them). *Id.* at 4 ¶¶ 10-11. SMS and Long served supplemental responses to the document requests on 1 November 2018. SMS Supp. Resps. (D.E. 106-7); Long Supp. Resps. (D.E. 106-8). Progress Solar now moves to compel SMS and Long to produce additional documents in response to numerous document requests, to overrule several objections asserted by them, and to compel them to provide a log of any withheld documents. Progress Solar has adequately demonstrated that it attempted to resolve without court intervention the matters at issue on its motion relating to SMS and Long. Progress Solar Mot. re SMS and Long ¶¶ 10, 47; Fed. R. Civ. P. 37(a)(1); Local Civ. R. 7.1(c), E.D.N.C.

## C.     Discovery to Bills

On 15 June 2018, Progress Solar served on Bills its second set of document requests. Progress Solar Reqs. to Bills (D.E. 114-1). Bills served responses, including objections, to the second set of document requests on 16 August 2018. Bills Resps. (D.E. 114-2). Bills did not provide any documents in response to the requests, but indicated "relevant and otherwise non-objectionable documents" would be provided in response to a number of the requests. *See, e.g.*, Bills Resps. Nos. 3-7, 10, 19-20, 23-34. As of the date of the motion, Bills had produced no documents. Progress Solar now moves to compel Bills to produce documents in response to numerous document requests, to overrule several objections asserted by him, and to compel him

---

affiliate, or contractor with Vectrus and/or K-BOSS (Kuwait-Base Operations and Security Support Services[)] pertaining to: 1) Solar Light Towers or any other product manufactured or distributed by any Defendant, or 2) Progress Solar." This request was not propounded to Long.

to provide a log of any withheld documents. Progress Solar has adequately demonstrated that it attempted to resolve without court intervention the matters at issue on its motion relating to Bills. Progress Solar Mot. re Bills (D.E. 114) ¶¶ 10, 47; Fed. R. Civ. P. 37(a)(1); Local Civ. R. 7.1(c), E.D.N.C.

## II. APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("'[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion.'" (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be

5

granted.'" (*quoting Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

Rule 34 governs requests for production of documents. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). When a party withholds information on the basis of a claim of privilege or protection as trial-preparation material pursuant to the work-product doctrine, it must expressly assert the claim in response to the particular discovery request involved. Fed. R. Civ. P. 26(b)(5)(A). In addition, the party must serve with its discovery responses a privilege log in conformance with Rule 26(b)(5)(A). *See id.*

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B). It also requires that the moving party be awarded expenses when a motion to compel discovery is granted except when the movant filed the motion without attempting in good faith beforehand to obtain the discovery without court intervention, the opposing party's opposition to the discovery was substantially justified, or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion except when the motion was substantially justified or other circumstances would make an award of expenses unjust. *Id.*(a)(5)(B). If a motion to compel is allowed in part and denied in part, the court may apportion the expenses for the motion. *Id.*(a)(5)(C).

## III. PRODUCT DIFFERENCE AND TIME LIMITATION OBJECTIONS BY SMS, LONG, AND BILLS, AND PROGRESS SOLAR'S LOG REQUEST

The court turns first to two objections to Progress Solar's document requests repeatedly asserted by SMS, Long, and Bills, and Progress Solar's request that each of these defendants produce a log of all documents it has withheld from production.

6

## A.    Objection Based on Differences Between the Parties' Products

SMS, Long, and Bills argue that because there are fundamental differences between the product Progress Solar sells, solar light towers, and the product SMS sells, solar power generators, the products do not compete with each other.   They further contend that, as a result, Progress Solar's requests do not seek documents relating to the SMS product or, if they do, the documents sought are not relevant to any party's claims or defenses and/or proportional to the needs of this case.   The court disagrees.

First, the requests at issue, by seeking documents relating to "Solar Light Towers" as defined in the requests, clearly do seek documents relating to SMS's solar power generator product because it is included in the definition of "Solar Light Towers."   The definition reads:

> "Solar Light Towers" shall mean any type of tower, or other raised platform containing lights or lighting elements and which uses, or has the capacity to use at least in part, solar energy to generate electricity or power to cause the lights, or lighting elements, to emit illumination. "Solar Light Towers" specifically includes not only light towers powered exclusively by solar means but also light towers which can also be powered by other means, such as wind power or generator power. *"Solar Light Towers" specifically includes all types of light towers manufactured by Progress Solar as well as all types of light towers manufactured by SMS and any similar manufacturer or company.*

Progress Solar Reqs. to SMS (D.E. 99-2) 3 ¶ 12 (emphasis added).   Therefore, any notion that the requests did not expressly seek information about the SMS solar power generator product is unfounded.

But more fundamentally, the parties' products do not need to be completely identical in order for information relating to SMS's product to be discoverable in this litigation.   The claims and counterclaims in this lawsuit concern trade secret and tort claims arising from the business relationship among the parties. Progress Solar alleges that SMS, Long, and Bills used Progress Solar's confidential competitive information in furtherance of the development of their own solar

power generator product and to their own financial benefit, and contends that the SMS product provides the same general functionality as Progress Solar's solar light tower product. Certainly, the presence of differences between the products ultimately may provide a viable defense to defendants with respect to the allegations asserted against them, but the presence of a defense cannot serve as a bar to discovery. If anything, the existence of such a defense provides additional grounds for Progress Solar to inquire about the SMS solar power generator product.

Accordingly, the objection based on the ground that there are differences between Progress Solar's and SMS's products is overruled. SMS, Long, and Bills shall serve on Progress Solar by 1 October 2019 any otherwise producible documents that they have withheld on the basis of this objection. The documents shall be accompanied by a supplemental response to the document requests seeking such documents identifying by Bates number the documents being produced. The portion of each of Progress Solar's motions relating to this objection is therefore ALLOWED.

## B.    Objection Based on 1 July 2016 Time Limitation

SMS, Long, and Bills assert in response to every request, with one exception,[2] that production of any documents created after 1 July 2016 is objectionable because "any documents after that date are not relevant to Plaintiff's claims." The apparent bases for this objection are, first, that Progress Solar itself used this same time limitation in response to some discovery requests from defendants, and, second, that the only sales and deliveries of solar power generators made by SMS were consummated prior to 1 July 2016. While both of these grounds may be true, they do not absolve SMS, Long, and Bills from conducting an independent assessment of whether documents created after 1 July 2016 sought in Progress Solar's requests are relevant not only to Progress Solar's claims, but also to defenses and counterclaims in this case.

---

[2] The exception is Request No. 50 to SMS, Request No. 49 to Long, and Request No. 51 to Bills. This request seeks: "A copy of the SMS SCPC2400 Solar Light Tower Operator Manual AND Quick Start Guide."

Therefore, the objection based on the document creation cut-off date of 1 July 2016 is overruled. SMS, Long, and Bills shall serve on Progress Solar by 1 October 2019 any otherwise producible documents that they have withheld on the basis of this objection. The documents shall be accompanied by a supplemental response to the document requests seeking such documents identifying by Bates number the documents being produced. The portion of each of Progress Solar's motions relating to this objection is therefore ALLOWED.

### C.    Request for Log Detailing Documents Withheld

In its motions, Progress Solar requests that the court direct SMS, Long, and Bills to provide a log that details all responsive documents that these defendants are withholding from production on any grounds. Progress Solar argues that the Rules of Civil Procedure require such a log for any documents withheld from production. Progress Solar Mem. re SMS and Long (D.E. 100) 4 ("If SMS and Long are withholding responsive documents on the basis of privilege *or any other reason*, the Rules require them to furnish a log that 'describe[s] the nature of the documents, communications, or tangible things not produced or disclosed—and to do so in a manner that . . . will enable [Progress Solar] to assess the claim.' Fed. R. Civ. P. 26(b)(5)(A)(ii)." (emphasis added)); *see also* Progress Solar Mem. re Bills (D.E. 115) ("Bills should be ordered to produce all responsive, non-privileged documents. He should also be required to provide Progress Solar with a log of all responsive documents withheld *on any basis* that identifies why each document was withheld, and describes the document sufficiently for Plaintiff to evaluate the asserted basis for withholding it." (emphasis added)).

The Rules of Civil Procedure do not require the production of the expansive log urged by Progress Solar. The subsection of Rule 26 cited by Progress Solar is entitled "Claiming Privilege or Protecting Trial Preparation Materials." Fed. R. Civ. P. 26(b)(5). In keeping with this title, by

its express terms, the log requirement applies solely to claimed privileged or trial-preparation

materials:

> *When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material*, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A) (emphasis added). The rule has no log requirement for documents

withheld on any other basis.

Accordingly, SMS, Long, and Bills shall serve on Progress Solar by 1 October 2019 a duly

signed log in conformance with Rule 26(b)(5)(A) for any otherwise producible documents that

they have withheld from production on a claim that the documents are protected by a privilege or

as trial-preparation materials and for which they have not already produced such a log. The log

need not address documents withheld on other grounds. The portion of each of Progress Solar's

motions seeking a log are ALLOWED IN PART and DENIED IN PART on the terms stated.

## IV.    REMAINING PRODUCTION SOUGHT FROM SMS AND LONG

The court turns now to the remaining production sought from SMS and Long. The court's

discussion will include the additional objections Progress Solar is asking the court to overrule.

### A.    Documents Related to Patent Proceedings (Requests Nos. 1, 2, and 41 to SMS; Requests Nos. 1, 2, and 40 to Long)

SMS and Long object to Progress Solar's document requests that seek documents regarding

SMS submissions to the United States Patent Office ("Patent Office" or "USRTPO"). SMS and

Long argue that until a patent application is published by the Patent Office, its contents remain

subject to the attorney-client privilege. They further argue that "any other communications

concerning any patent sought on the solar power generators would solely be with counsel or between counsel and the USPTO and thus protected by attorney client privilege or the work product doctrine." SMS and Long Mem. (D.E. 105) 4.

While communications between clients and their counsel may be subject to privilege protection, SMS and Long cite no authority for the proposition that matters submitted to the Patent Office would remain cloaked by the attorney-client privilege unless or until publication by that office. Indeed, case law indicates otherwise. *Veolia Water Sols. & Techs. Support v. Siemens Indus., Inc.*, 63 F. Supp. 3d 558, 567 (E.D.N.C. 2014) ("In this vein, this court has recognized that the following classifications of documents generally are not protected by the attorney-client privilege: . . . [p]apers submitted to the Patent Office." (citing *Burroughs Wellcome Co. v. Barr Labs., Inc.*, 143 F.R.D. 611, 615 (E.D.N.C. 1992))). Similarly, it is unlikely that the documents would warrant protection as work product. *Burroughs*, 143 F.R.D. at 617 ("Because the prosecution of a patent is usually an ex parte, non-adversarial proceeding, the materials and documents generated by an attorney in the preparation and prosecution of a patent are generally not considered to be work product.").

Accordingly, SMS's and Long's objection to production of documents relating to SMS's submissions to the Patent Office on the grounds that they are subject to the attorney-client privilege or protection as trial-preparation materials is overruled. SMS and Long shall serve on Progress Solar by 1 October 2019 any otherwise producible documents that they have withheld on the basis of this objection. The documents shall be accompanied by a supplemental response to the document requests seeking such documents identifying by Bates number the documents being produced. The portion of Progress Solar's motion relating to SMS and Long concerning this objection is therefore ALLOWED.

**B.     Vendor Information (Requests No. 11-14 and 42-49 to SMS; Requests Nos. 11-14 and 41-48 to Long)**

SMS and Long object to the production of communications and other documents from and between SMS and Long and any SMS vendors. The basis for their objection is their assertion that they previously provided confidential documents to Progress Solar pursuant to an agreement between the parties and that Progress Solar then contacted the SMS vendors for matters unrelated to the litigation. SMS and Long argue that this conduct by Progress Solar demonstrates an unwillingness by it to abide by the spirit of the Protective Order. SMS and Long speculate that Progress Solar is using this litigation to obtain information to enable it to compete for contracts with the United State military and replicate SMS's solar power generator.

The concerns raised by SMS and Long are too speculative and conclusory to justify restricting discovery in the manner SMS and Long propose. Questions over maintaining the confidentiality of the documents produced can be addressed by recourse to provisions in the Protective Order, including "Attorneys' Eyes Only" designations, if appropriate.

Accordingly, SMS's and Long's objection to production of communications and other documents from and between SMS and Long and any SMS vendors is overruled. SMS and Long shall serve on Progress Solar by 1 October 2019 any otherwise producible documents that they have withheld on the basis of this objection. The documents shall be accompanied by a supplemental response to the document requests seeking such documents identifying by Bates number the documents being produced. The portion of Progress Solar's motion relating to SMS and Long concerning this objection is therefore ALLOWED.

**C.     Communications with Engineering Companies and U.S. Military (Requests Nos. 8, 9, 16, 22, and 23 to SMS; Requests Nos. 8, 9, 15, 21, and 22 to Long)**

These requests seek communications from and between SMS and Long and two specified engineering companies and United States military organizations relating to solar light towers, as defined in the requests, "or any other product manufactured or distributed by any Defendant." SMS and Long contend, first, that the documents sought in these requests are not relevant because issues concerning whether SMS solar power generators meet government specifications and information concerning communications with military organizations are outside of the permissible scope of discovery. Second, they argue that the requests would capture information concerning a variety of products manufactured by SMS that far exceeds the proportionality requirements of Rule 26. Finally, they contend that the requests are an improper attempt by Progress Solar to glean information about SMS's confidential and proprietary information.

The court agrees with SMS and Long that discovery concerning "any other product manufactured or distributed by any Defendant" is overbroad. But the court is not persuaded by SMS and Long's arguments that the remaining documents sought by these requests are not within the scope of discovery (including that the requests violate the proportionality requirements of Rule 26) for reasons previously discussed with respect to other document requests. Any concerns SMS and Long have about maintaining the confidentiality of the documents producible pursuant to the requests at issue can be addressed by recourse to provisions in the Protective Order.

Accordingly, SMS's and Long's objection to production of documents from and between them and two specified engineering companies and United States military organizations is overruled as to solar light towers, except that the objection is sustained as to such documents relating to "any other product manufactured or distributed by any Defendant." SMS and Long shall serve on Progress Solar by 1 October 2019 any otherwise producible documents that they

13

have withheld on the basis of the overruled portion of the objection. The documents shall be accompanied by a supplemental response to the document requests seeking such documents identifying by Bates number the documents being produced. The portion of Progress Solar's motion relating to SMS and Long concerning this objection is therefore ALLOWED in PART and DENIED in PART.

### D. Electrical and Wiring Diagrams (Requests No. 52 and 53 to SMS; Requests Nos. 50 and 51 to Long)

These requests seek electrical and wiring diagrams, as well as design, mechanical, and/or CAD drawings, for SMS's product, SGPC2400. Similar to other responses, SMS and Long object that these requests seek documents not relevant to Progress Solar's claims and are designed to give Progress Solar a competitive advantage. Given the proper scope of discovery in this case, as previously discussed, the court finds that these requests fall within it and do seek relevant documents. Any concerns SMS and Long have about maintaining the confidentiality of the documents producible pursuant to the requests at issue can be addressed by recourse to provisions in the Protective Order.

Accordingly, SMS's and Long's objection to production of electrical and wiring diagrams and the other materials relating to SMS's product, SGPC2400, specified in the requests at issue is overruled. SMS and Long shall serve on Progress Solar by 1 October 2019 any otherwise producible documents that they have withheld on the basis of this objection. The documents shall be accompanied by a supplemental response to the document requests seeking such documents identifying by Bates number the documents being produced. The portion of Progress Solar's motion relating to SMS and Long concerning this objection is therefore ALLOWED.

E.     **Lack of Possession, Custody, or Control of Responsive Documents (Requests No. 17-19, 53, and 54 to SMS; Requests Nos. 16-18, 52, and 53 to Long)**

Finally, SMS and Long indicate that they have determined that they do not have possession, custody, or control of documents responsive to these requests and have supplemented their responses to reflect that fact. Of course, the court cannot compel SMS and Long to produce documents that are not within their possession, custody, or control. Accordingly, the portion of Progress Solar's motion relating to SMS and Long that seeks production of documents not within their possession, custody, or control is DENIED.

.     That said, should SMS and Long determine that they have obtained possession, custody, or control over any documents producible under the terms of this Order or otherwise, they shall serve such documents on Progress Solar by 1 October 2019.[3] The documents shall be accompanied by a supplemental response to the document requests seeking such documents identifying by Bates number the documents being produced.

## V.     REMAINING PRODUCTION SOUGHT FROM BILLS

Turning now to Bills, as noted, Progress Solar seeks against him the same relief it seeks against SMS and Long. Having failed to respond to Progress Solar's motion, Bills does not contest the relief Progress Solar seeks against it or the grounds advanced by Progress Solar for such relief.

---

[3] Of note, SMS and Long argue that there exist no documents responsive to: (1) Request No. 53 to SMS and Request No. 52 to Long, which seek "[a]ny and all financial records, including all bank statements, general ledgers, accounting records, etc.) reflecting any purchases or sales of Solar Light Towers by Solar Mod Systems"; and (2) Request No. 54 to SMS and Request No. 53 to Long, which seek "[a]ny and all financial records (including all agreements, invoices, purchase orders and any similar Documents) reflecting any purchases or acquisitions of any components or services in furtherance of SMS's design, manufacture, construction, or distribution of Solar Light Towers." The apparent reason for SMS and Long's assertion that there exist no documents responsive to these requests is their contention that "SMS has never purchased or sold solar light towers." SMS and Long Mem. (D.E. 105) 7-8. As explained above, the definition of solar light towers in Progress Solar's requests expressly includes the SMS products. Accordingly, SMS and Long shall serve on Progress Solar by 1 October 2019 any otherwise producible documents they have withheld from production based on their erroneous contention that Progress Solar's requests do not apply to SMS's solar power generator product. The documents shall be accompanied by a supplemental response to the production requests seeking such documents identifying by Bates number the documents being produced.

Progress Solar's motion regarding Bills is subject to allowance on this basis alone. It is also subject to allowance on the merits for the same reasons discussed as to SMS and Long.

Progress Solar's motion relating to Bills is accordingly ALLOWED on the same terms that Progress Solar's motion as to SMS and Long was allowed. The directives applicable to SMS and Long as set out above shall be applicable to Bills. Like SMS and Long, Bills shall make the specified production on the terms stated by 1 October 2019.

Further, although Bills' responses to the document requests indicated that a number of documents would be produced by him, as of the date Progress Solar filed its motion, none had been produced. To the extent Bills has not produced the promised documents yet, he shall serve them on Progress Solar by 1 October 2019.

Finally, Progress Solar has raised concerns about Bills' role in the potential spoliation of relevant evidence. Progress Solar Mot. re Bills (D.E. 114) ¶ 5. To the extent that Bills is aware of the existence of responsive documents that previously existed but have since been destroyed, he shall serve on Progress Solar by 1 October 2019 a declaration by him that identifies each such document as specifically as possible, the particular document request it is responsive to, and the circumstances surrounding the destruction of the document.

## VI. EXPENSES

The court finds that the award of expenses against SMS and Long would be unjust. Both responded to Progress Solar's motion and presented for the most part colorable justifications for responding to Progress Solar's document requests as they did.

In contrast, Bills did not respond to Progress Solar's motion against it, essentially conceding that he should not have withheld documents from production as he did and seemingly needlessly forcing Progress Solar to incur the expense of moving for relief to obtain the production

16

to which it was entitled. Recognizing that Progress Solar was not entitled to all the production it sought, the court finds that it would not be just to require Bills to pay all expenses incurred by Progress Solar in connection with its motion relating to Bills. Pending consideration of the submission by Bills provided for below, the court finds that Progress Solar is entitled to an award against Bills of 75 percent of the expenses Progress Solar incurred on its motion.

Accordingly, Progress Solar shall file by 1 October 2019 evidence showing the expenses it claims it incurred on its motion relating to Bills, including the expenses it incurs on its submissions for the award of expenses. Such evidence shall be accompanied by a memorandum. Bills may respond to the foregoing submissions by Progress Solar within 14 days after they are filed. Bills' response may address Progress Solar's entitlement to expenses, the amount of expenses claimed by Progress Solar, and the proportion of Progress Solar's expenses awardable by the court. Bills' submission may include appropriate evidence.

## VII. CONCLUSION

In sum, for the reasons and on the terms set forth above, IT IS ORDERED that Progress Solar's motions to compel and for related relief relating to SMS and Long (D.E. 99) and Bills (D.E. 114) are ALLOWED IN PART and DENIED IN PART.

SO ORDERED, this 17th day of September 2019.

James E. Gates
United States Magistrate Judge

17