IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-152-D

| | |
|---|---|
| PROGRESS SOLAR SOLUTIONS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FIRE PROTECTION, INC. dba FPI ) <br> ENVIRONMENTAL; JOHN DOE, AS ) <br> ADMINISTRATOR FOR THE ESTATE ) <br> OF NORMAN STEPHEN VAN ) <br> VALKENBURGH, and JEFFREY VAN ) <br> VALKENBURGH, AS TRUSTEE FOR ) <br> THE NORMAN STEPHEN VAN ) <br> VALKENBURGH IRREVOCABLE ) <br> LIVING TRUST; MIKEL BILLS; and ) <br> MICHAEL D. LONG. ) <br> ) <br> Defendants ) | **DEFAULT JUDGMENT** |

This cause is before the Court for entry of default judgment against Defendant Solar Mod Systems, Inc., ("SMS"), pursuant to Fed. R. Civ. P. 37 and 55. [D.E. 152]. On December 29, 2020, the Court granted Plaintiff's motions: (1) for sanctions against SMS, (2) to strike SMS's answer, and (3) for entry of default against SMS for SMS's repeated failures to comply with this Court's orders. [D.E. 163]. SMS's answer having been stricken and default against SMS having been entered, the Court now enters Judgment against SMS on liability on all Plaintiff's claims for relief asserted in Plaintiff's Second Amended Complaint [D.E. 89].

It is, therefore, ORDERED, ADJUDGED and DECREED that:

1. Plaintiff shall have and recover compensatory damages against SMS in an amount to be determined on further proceedings by the Court;

2. The compensatory damages awarded against SMS shall be trebled, pursuant to N.C. Gen. Stat. § 75-16 and 15 U.S.C. § 1117;

3. SMS shall disgorge to Plaintiff all profits SMS derived through its breaches of contract, unauthorized use of Plaintiff's trade secrets and proprietary information, or SMS's other unlawful or unfair competition described in the Second Amended Complaint, including their palming off of Plaintiff's property as if it belonged to SMS, the amount of these profits to be determined on further proceedings by this Court;

4. SMS has violated 15 U.S.C. § 1125(a) by unfairly competing against Plaintiff by using false, deceptive or misleading statements of fact that misrepresent the nature, quality and characteristics of SMS's solar light towers;

5. SMS is permanently enjoined from competing against Plaintiff for an uninterrupted period of two years from the date of entry of this Judgment;

6. SMS is enjoined from unfairly competing against Plaintiff, including without limitation, that SMS shall not assert or imply that any current association exists between SMS and Plaintiff, and SMS shall not interfere with or be involved with Plaintiff's business in any way;

7. SMS, its agents, affiliates, or anyone working for, in concert with or on behalf of SMS are permanently enjoined from (a) engaging in false or misleading advertising with respect to SMS's solar light towers, (b) violating Section 43(a) of the Lanham Act, and (c) violating the North Carolina Unfair and Deceptive Trade Practices Act;

8. SMS shall immediately remove all false or misleading advertisements described in the Second Amended Complaint;

2

9. SMS shall pay to Plaintiff an amount necessary for Plaintiff to conduct corrective advertising to remedy the effects of SMS's false advertising, this amount to be determined on further proceedings by the Court;

10. Plaintiff's reasonable attorneys fees incurred in prosecuting this action, in an amount to be determined on further proceedings by the Court, shall be taxed against SMS as part of the costs of this action, pursuant to N.C. Gen. Stat. § 75-16.1 and 15 U.S.C. § 1117; and

11. The costs of this action shall be taxed against SMS, in an amount to be determined on further proceedings by the Court.

SO ORDERED. This the 6 day of January, 2021.

　　　　　　　　　　　　　　　　　　　J. Dever
　　　　　　　　　　　　　　　　　　　JAMES C. DEVER III
　　　　　　　　　　　　　　　　　　　United States District Judge